**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4020

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VANDARIAN CANTY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:20-cr-00160-D-1)

Submitted:  August 23, 2022                    Decided:  August 25, 2022

Before GREGORY, Chief Judge, HEYTENS, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Richard Croutharmel, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vandarian Canty pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924, and possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Canty to 87 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether the district court erred in counting a June 2019 traffic stop as relevant conduct.[*] *See* U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (2018). Although notified of his right to do so, Canty has not filed a pro se supplemental brief. We affirm the district court's judgment.

Because the district "court's application of U.S.S.G. § 1B.13 depended on an evaluation and weighing of the factual details, . . . we review the court's decision for clear error." *United States v. McVey*, 752 F.3d 606, 610 (4th Cir. 2014). Here, relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). "[O]ffenses may qualify as the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *United States v. McDonald*, 28 F.4th 553, 563-64 (4th Cir. 2022) (internal quotation marks omitted). In other words, "the same-course-of-conduct standard

---

[*] Counsel correctly recognizes that this issue affects both the total offense level and Canty's criminal history score.

2

requires only that the defendant be engaged in an identifiable pattern of certain criminal activity." *Id.* at 564 (cleaned up). "Relevant factors include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* (internal quotation marks omitted). But "when one of the above factors is absent, a stronger presence of at least one of the other factors is required." *Id.* (cleaned up).

We conclude that the district court did not clearly err. Canty's charges arose from firearms and crack cocaine recovered after three encounters with law enforcement between March and November 2020. The district court included as relevant conduct a firearm that was recovered during a traffic stop that occurred in June 2019. All four encounters were substantially similar—Canty possessed a firearm when he was prohibited from doing so. Although there was a nine-month interval between the June 2019 and March 2020 incidents, we have found an eight-month gap was not so large as to preclude a finding of relevant conduct for a felon-in-possession offense. *Id.* at 565-66 & n.8.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Canty, in writing, of the right to petition the Supreme Court of the United States for further review. If Canty requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Canty.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*